Mark F. Anderson (SBN 44787)
Anderson, Ogilvie & Brewer LLP
235 Montgomery Street, Suite 914
San Francisco, CA 94104
Ph: (415) 651-1951
Fax: (415) 500-8300
mark@aoblawyers.com

Attorneys for Plaintiff Desiree Libby Valdez

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Desiree Libby Valdez,<br><br>        Plaintiff,<br><br>     v.<br><br>Equifax Information Services LLC,<br><br><br>        Defendant. | Case No.<br><br>COMPLAINT<br><br>(Fair Credit Reporting Act 15 USC § 1681 et seq)<br><br>DEMAND FOR JURY TRIAL |

**Preliminary Statement**

1.     This is an action for damages by Desiree Libby Valdez against Equifax Information Services LLC for violations of the Fair Credit Reporting Act, 15 USC §1681 *et seq* (FCRA).

**The Parties**

2.     Plaintiff Desiree Libby Valdez is a resident of North Hollywood, California.

3.     Defendant Equifax Information Services LLC is a limited liability company organized under the laws of Georgia and is a consumer reporting agency as defined by the FCRA.

**Jurisdiction & Venue**

4.     The court has federal question jurisdiction over the Fair Credit Reporting Act (FCRA) claims pursuant to 15 USC §1681p.

5.   Venue is proper in this district. The defendant is subject to personal jurisdiction within this district.

**Description of the Case**

6.     **Plaintiff is a Victim of Identity Theft.** Beginning on a date unknown to plaintiff, someone stole plaintiff's identity. The fraudster opened tens of accounts in plaintiff's name.

7.     Defendants Experian, Trans Union and Equifax prepared and issued credit reports concerning plaintiff that include inaccurate and fraudulent information. These credit reports were sent to plaintiff's creditors and potential creditors.

8.     Beginning in mid-September 2013, plaintiff sent each of the credit reporting agencies a series of disputes regarding the fraudulent charges. Plaintiff included copies a police report on the theft of her identity and copies of letters from creditors stating that the accounts in question were fraudulent.

9.     Plaintiff communicated over a dozen online disputes to Equifax in the period September through November 2013 and in March 2014. Plaintiff talked to Equifax representatives by telephone on December 16, 2013 and on February 3 and 14, 2014, at which time plaintiff informed Equifax that it was continuing to report certain fraudulent accounts.

10.     In response to plaintiff's disputes, Experian and Trans Union deleted the fraudulent accounts. However, Equifax has failed to delete all the fraudulent accounts.

11.     Equifax failed to mark some of the accounts as disputed as required by the FCRA.

12.     Equifax deleted certain fraudulent accounts only to reinsert them at a later date.

13.     **Plaintiffs' Damages.** As a result of defendant's conduct and defendant's violations of

the FCRA, plaintiff has sustained actual damages. Plaintiff has suffered actual damages in the form of (a) lost credit opportunities, b) harm to credit reputation and credit scores, and (c) emotional distress in the form of mental pain, anguish, humiliation, embarrassment, anxiety and frustration. Plaintiff will continue to suffer the same for an indefinite time in the future, all to her great detriment and loss.

**Equifax's Duties under the FCRA**

14.     Section 1681e(a) of the FCRA provides that every consumer reporting agency shall maintain reasonable procedures designed to limit the furnishing of consumer reports to the purposes listed under section 1681b of the FCRA. These procedures include requiring prospective users of the information to identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose.

15.     Section 1681e(b) requires every consumer reporting agency to maintain reasonable procedures to assure maximum possible accuracy of the information in reports concerning plaintiff.

16.     Section 1681g requires every consumer reporting agency that receives a dispute that a consumer is a victim of identity theft to delete any fraudulent accounts;

17.     Section 1681i(a)(1) provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice.

18.     In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to review and consider all relevant information submitted by the consumer.

**First Claim: Violations of the Fair Credit Reporting Act—Against Equifax**

19.     Plaintiff incorporates by reference ¶¶ 1 through 18.

20.     Equifax negligently violated the FCRA by failing to follow and maintain reasonable procedures designed to limit the furnishing of consumer reports to the purposes listed under Section 1681b as required by Section 1681e(a) and by failing to comply with the requirements of Section 1681b.

21.     Equifax failed to employ and follow reasonable procedures to assure maximum possible accuracy of plaintiffs credit reports, information and file in violation of Section § 1681e(b).

22.     Equifax failed to block identity theft information as required by Section § 1681c-2.

23.     Within the two years preceding the filing of this complaint, plaintiffs notified Equifax of inaccuracies contained in its reports and asked it to correct the inaccuracies. Equifax failed to conduct a reasonable reinvestigation of the inaccuracies that plaintiffs disputed in violation of § 1681i. Equifax failed to review and consider all relevant information submitted by plaintiffs.

24.     Equifax failed to marked accounts as disputed as required by the FCRA.

25.     As a result of the above-described violations, plaintiff sustained damages.

26.     Defendant Equifax's violations of the FCRA were willful and therefore plaintiff is entitled to also seek statutory and punitive damages.

**PRAYER**

WHEREFORE, plaintiff prays for judgment as follows:

A.     Actual, statutory and punitive damages;

B.     Costs and attorney's fees; and

C.     Such other relief as the Court may deem proper.

Dated: March 28, 2014.

ANDERSON, OGILVIE & BREWER LLP

By  */s/ Mark F. Anderson*
Mark F. Anderson
Attorney for Plaintiff

1

DEMAND FOR JURY TRIAL

2

Plaintiff demands a trial by jury on all issues.

3

Dated: March 28, 2014.

4

ANDERSON, OGILVIE & BREWER LLP

5

By    /s/ Mark F. Anderson

6

Mark F. Anderson
Attorney for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28